WILLIAM WOOD, JR., *v.* W. G. EVERETT ET AL.

**Lien for Purchase Money—Enforcement—Ability to Convey.**

When called upon in a petition to show title to land, a vendor, seeking to exert a purchase money lien, must not only show paper title, but must prove any discrepancy therein, before his relief can be granted.

APPEAL FROM BARREN CIRCUIT COURT.

February 4, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

On the 14th of April, 1854, W. G. Everett sold by executory contract a small parcel of land to Samuel W. Brents, at $15 per acre, one hundred dollars of the purchase money he acknowledged to have received and the residue was by the terms of the contract to have been paid in thirty or sixty days. Neither the boundary, nor quantity of the land is set forth in the title bond, and the only description of it given is that it is the tract purchased by Everett of J. Bard, known as the Beard tract, adjoining the lands devised by B. L. Graves to his daughter, Mary Jane, and William Wood, Jr.

Brents assigned said Bond to appllant, Wood, on the 13th of March, 1857.

From the date which the summons bears it appears that on the 16th of March, 1865, a suit in equity was brought by Wood against Everett, the obligor in said bond, and Brents, his assignor, alleging in his original petition that Brents at the time he sold the land to him stated the tract contained 16¾ acres, for which he paid $20 per acre in bond at the date of the assignment, and that his assignor had long since paid Everett for said land, but that he had neglected and refused to have the land surveyed, and to convey the same as he had covenanted in his title bond to do; and prayed that Everett should exhibit his title, and if able be compelled to convey the land to him.

Everett in his answer admits the execution of the bond to Brents, and the assignment, but denies that he has been fully paid

for the land, and alleges that it had been surveyed since he executed said bond and that there were over 20 acres in the tract, and that he had only been paid for 16¾ acres, the quantity that the tract was estimated to contain when he sold it, avers there are in the tract 20 acres 2 rods and 29 poles, and he is entitled to the price for the difference between the quantity thus ascertained to be in the tract and the 16¾ acres for which he had been paid, and for the purpose of adjusting his rights, and to recover the amount claimed, he made has answer a cross-petition against Wood and Brents, alleging therein that he had a lien on the land for the amount claimed and prayed for an enforcement of it, but makes no exhibition of his title, and neither alleges that he has title by documentary evidence, nor possession.

Brents in his answer admits he sold the land to Wood for $20 per acre and assigned to Wood Everett's title bond, but says that Wood only paid him for 16¾ acres, the quantity that Everett represented to him the tract contained, and if it does in fact contain the quantity that Everett avers it contains Wood owes him for the surplus, prays in his cross action for the price and for general relief.

Wood subsequently amended his petition, and charged that he was not present when his original petition was drawn and filed, that it was written by his lawyer and by mistake he stated therein that he bought of Brents 16 acres of land at $20 per acre, when Brents, in fact, represented the tract to contain 20 acres, which he purchased at $15 per acre and paid him for 20 acres at that price, and asked that his original petition be corrected as to the quantity of land and price paid for it. He directly charges that Everett had title to only 16 acres of the land as his deed from Beard and wife therefor will show, which he refers to as having been filed, and again prays that Everett be compelled to exhibit his title, etc. And in still another amendment, Wood charges that the deed from Beard and wife to Everett neither contained course, distance nor boundary, but that he had procured and then filed a copy of the deed from Burk to Beard for the same land which did contain the courses and distances, and stated the quantity to be only 15 acres conveyed, that he had called on Everett for an exhibition of title, and he had failed to exhibit any except the deeds from Burk to Beard and from the latter to himself, and then alleged that Everett had a title to only 15 acres.

Brents does not in positive and direct terms deny the allegation of the first amended petition that he represented the tract to contain 20 acres, that he sold it at $15 per acre to Wood and had received the full amount of purchase money.

Under this state of the pleadings the court below adjudged to Everett $56.66, with interest from the 14th of April, 1854, till paid, and costs, and ordered a sale of so much of the land as might be necessary to pay the debt, and gave no judgment against Brents, although according to the pleadings, Brents had received the contract price from Wood for 20 acres and if Everett was entitled to anything, he, Brents, owed it and Wood has appealed to this court.

Th atjudgment cannot be approved. Before Everett can enforce a lien on the land for unpaid purchase money, no deed having been made, he must show both *ability* and readiness to convey a good title; this he would be required to do, as plaintiff seeking a foreclosure of his lien. But in this case he was called on by appellant who denied he had title, to produce and file it; he not only fails to exhibit even a shadow of paper title derived from the Commonwealth, one of the deeds under which he claims calls for only 15 acres, an acre less than he has got pay for, and neither alleges, nor proves that he has a possessory title for any part of the land. The court below, therefore, was not authorized to adjudge he had such title as appellant was bound to take.

Wherefore, the judgment is reversed, and the cause is remanded with directions for further proceedings consistent herewith.

*Smith, for appellant.*

*Leslie, for appellees.*